# UNITED STATES DISTRICT COURT
## for the

Eastern    District of    Tennessee

United States of America
v.

Jeremy Patrick

Date of Original Judgment:    6/21/2017
Date of Previous Amended Judgment:

)
)
)
)
)
)
)
)

Case No:    3:16-cr-11-1

USM No:    31745-074

G. Nicholas Wallace
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of    ☒ the defendant    ☐ the Director of the Bureau of Prisons    ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
   ☒ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____ .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**SO ORDERED**.

Order Date:    6/24/2026

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:16-CR-11-KAC-DCP-1 |
| | ) | |
| JEREMY PATRICK, | ) | |
| | ) | |
| Defendant. | ) | |

## ANALYSIS

Before the Court is Defendant Jeremy Patrick's "Motion for Sentence Reduction Under Guideline Amendment 821, Part A" [Doc. 288] and Supplement [Doc. 307]. On June 21, 2017, the Court sentenced Defendant to 195 months' imprisonment for (1) conspiring to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(l) and 841(b)(1)(A) (Count 1) and (2) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3) [Doc. 217 at 1-2].

Defendant, through counsel, filed the instant Motion asking the Court to reduce his term of imprisonment from 195 to 181 months under 18 U.S.C. § 3582(c)(2) [Doc. 288 at 1]. Defendant asserts that while "in BOP custody" he has taken "various classes, "earned his GED" and "certifications" and has "held various work detail positions" [*Id.* at 5]. He has also "participated in drug treatment" [*Id.*]. The United States responded, noting that (1) Defendant had completed "only 11 hours of programming" by June 2025 and (2) Defendant "incurred disciplinary sanctions" during his "current term" of imprisonment "for possessing a hazardous tool" [Doc. 291 at 3]. But it "defer[red] to the Court's discretion whether and to what extent to grant a reduction" [*Id.* at 1]. Later, on April 6, 2026, Defendant filed a "Supplement" attaching various "certificates" Defendant earned from programming [Docs. 307, 307-1].

2

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). The "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant policy statement, to determine if a reduction is warranted, the Court must first "determine the amended guideline range that would have been applicable to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court initially "leave[s] all other guideline application decisions unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

U.S. Sent'g Comm'n, Amendment 821 (2023).

Defendant is eligible for a reduction under Section 4A1.1. When initially sentenced, he had a subtotal criminal history score of three (3) [Doc. 206 ¶ 55, *sealed]. The then-existing text of Section 4A1.1(d) required that two (2) criminal history points be added to that subtotal because he committed the offense while under a criminal justice sentence [*Id.* ¶ 56, *sealed]. This resulted in a criminal history category of three (III) [*Id.* ¶ 57, *sealed]. Based on a total offense level of thirty-one (31) and a criminal history category of three (III), Defendant's advisory guideline range for Count was 135 to 168 months, with five (5) years consecutive for Count 3 [*Id.* ¶ 78, *sealed]. With Amendment 821, Defendant's criminal history category would be two (II), resulting in an amended guideline range of 121 to 151 months for Count 1, with five (5) years consecutive for Count 3.

But a reduction is not appropriate because the relevant Section 3553(a) factors do not support it. First, Defendant's criminal history, including serious acts of violence, weigh against a reduction. In 2008, Defendant was sentenced to 108 months' imprisonment for conspiring to commit armed bank robbery, aiding and abetting attempted bank robbery, and aiding and abetting brandishing a firearm during and in relation to a crime of violence [Doc. 206 ¶ 54, *sealed]. Even before that, he had three (3) convictions for assault [*Id.* ¶¶ 43, 44, 52]. Over a period of "16 years" he has "incurred 18 disciplinary infractions while in custody" "at six separate facilities" [Doc. 288 at 4]. And Defendant committed a serious infraction in 2024—the Bureau of prisons classifies possessing a hazardous tool as a "greatest severity level prohibited act" [*See* Doc. 291 at 3 (citation omitted)]. Defendant has made some notable rehabilitative efforts, [*see* Doc. 306], but the current term of imprisonment remains necessary to provide adequate deterrence, promote respect for the law, and protect the public. *See* U.S.C. §

3553(a)(1), 2(A), (2)(B), (2)(C). Accordingly, the applicable Section 3553(a) factors do not support a reduction.

Case 3:16-cr-00011-KAC-DCP    Document 308    Filed 06/24/26    Page 5 of 5    PageID #: 2380